IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-1424-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Donnie E. Stonebreaker, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Darrell L. Goss's pro se ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. On October 30, 2024, Defendant filed a motion for summary judgment. (ECF No. 18.) Because Plaintiff is proceeding *pro se*, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the need to file a response to Defendant's motion. (ECF No. 19.) Plaintiff's response was due by December 2, 2024, but he failed to respond. The Court then issued an order extending Plaintiff's time to respond to December 23, 2024, and specifically advising Plaintiff that this action could be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if he failed to respond. (ECF No. 21.) Despite this warning, Plaintiff failed to respond to Defendant's motion.

Accordingly, on January 2, 2025, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 23.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the

right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 23), and the Court dismisses this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 28, 2025
Charleston, South Carolina